**No. 10-56014**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

STEVE HARRIS, *et al*.,

*Plaintiffs-Appellants*,

*v.*

AMGEN INC., *et. al.*,

*Defendants-Appellees*.

On Appeal from the United States District Court
for the Central District of California
No. 2:07-cv-05442-PSG-PLA
Hon. Philip S. Gutierrez, District Judge

## PETITION FOR REHEARING EN BANC

SETH P. WAXMAN
LOUIS R. COHEN
DANIEL S. VOLCHOK
BROOK HOPKINS
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Ave. N.W.
Washington, D.C.  20006
(202) 663-6000
*Counsel for defendants*

(additional counsel listed on signature page)

November 13, 2014

## CORPORATE DISCLOSURE STATEMENT

Defendant-appellee Amgen Inc. does not have a parent corporation, and no publicly held company owns ten percent or more of Amgen Inc.'s stock. Defendant-appellee Amgen Manufacturing, Ltd. is a wholly owned subsidiary of Amgen Inc.

# TABLE OF CONTENTS

Page

CORPORATE DISCLOSURE STATEMENT ........................................................i

TABLE OF AUTHORITIES ................................................................. iii

INTRODUCTION AND RULE 35 STATEMENT ...................................................1

STATEMENT ...............................................................................2

REASON FOR GRANTING THE PETITION .....................................................8

THE PANEL'S DECISION CONFLICTS WITH THE SUPREME COURT'S INSTRUCTIONS IN *FIFTH THIRD BANCORP V. DUDENHOEFFER* ....................................................................8

    A.     The Panel Did Not Follow The Supreme Court's Instruction To Consider Whether The Complaint Plausibly Alleges That A Prudent Fiduciary Could Not Have Concluded That Plaintiffs' Suggested Alternative Courses Of Action Would Have Done More Harm Than Good ......................................................................9

    B.     The Panel Disregarded *Fifth Third*'s Instruction To Consider Carefully The Interplay Between ERISA And Federal Securities Laws ..............................................13

CONCLUSION ..............................................................................17

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

Page

## CASES

*Amgen Inc. v. Harris*, 134 S. Ct. 2870 (2014) ........................................5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......................................9

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)................................9

*Betz v. Trainer Wortham & Co.*, 610 F.3d 1169 (9th Cir. 2010)............................12

*Detrich v. Ryan*, 740 F.3d 1237 (9th Cir. 2013) (en banc) .....................................12

*Dudenhoefer v. Fifth Third Bancorp*, 692 F.3d 410 (6th Cir. 2012)
    (subsequent history omitted) ............................................................5

*Fifth Third Bancorp v. Dudenhoeffer*, 134 S. Ct. 2459 (2014) ......................*passim*

*Harris v. Amgen, Inc.*, 738 F.3d 1026 (9th Cir. 2013) (subsequent
    history omitted)...................................................................4, 5, 6, 13

*Kopp v. Klein*, 762 F.3d 450 (5th Cir. 2014) ................................... 12-13

*SEC v. Talbot*, 530 F.3d 1085 (9th Cir. 2008) ..........................................17

*Shapiro v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 495 F.2d 228
    (2d Cir. 1974).................................................................17

*United States v. Bhagat*, 436 F.3d 1140 (9th Cir. 2006) ........................................16

*Varity Corp. v. Howe*, 516 U.S. 489 (1996) ............................................14

## STATUTES AND RULES

29 U.S.C. § 1104....................................................................3

Fed. R. App. P. 35..................................................................2

iii

## DOCKETED CASES

*In re Amgen Inc., Securities Litigation*, No. 07-cv-2536 (C.D. Cal.)........................3

*Rinehart v. Akers*, No. 11-4232 (2d Cir. Sept. 9, 2014) ..........................................12

## INTRODUCTION AND RULE 35 STATEMENT

Rehearing en banc is warranted because the panel's decision conflicts with *Fifth Third Bancorp v. Dudenhoeffer*, 134 S. Ct. 2459 (2014), and will have far-reaching deleterious effects.

After the panel's prior decision in this case, defendants-appellees filed a petition for a writ of certiorari. The Supreme Court granted defendants' petition, vacated the panel's judgment, and remanded for reconsideration in light of *Fifth Third*. That case significantly altered the liability standards—and hence the pleading standards—for cases like this one, in which plaintiffs allege that fiduciaries who administered retirement plans holding employer stock are liable under the Employee Retirement Income Security Act (ERISA) because they failed to act on non-public information about the company.

On remand, defendants urged the panel to remand to the district court to allow plaintiffs an opportunity to amend the complaint in order to meet *Fifth Third*'s new pleading requirements. The panel instead re-issued its prior opinion with only minor revisions. Because the panel did not follow *Fifth Third*'s instructions, and because its decision will have implications well beyond this case, affecting how fiduciaries across the country think about their obligations with respect to company stock funds that are routinely offered as part of the array of

investment alternatives in 401(k) plans, reconsideration by the en banc Court is needed. *See* Fed. R. App. P. 35(b)(1)(A).

## STATEMENT

1.      Amgen Inc. is the world's largest independent biotechnology company.  It discovers, develops, manufactures, and delivers innovative human therapeutics used to treat patients suffering from serious illnesses.  Amgen Manufacturing, Ltd. (AML) is an Amgen subsidiary.  Other defendants include the Amgen committees that oversee the company retirement plans, six individuals who served on those committees during the class period, eight outside directors of Amgen, and its former CEO.

Amgen and AML voluntarily offer employee-retirement plans that allow employees to contribute a portion of their income to individual investment accounts.  Plan participants can choose to invest their contributions in any of several funds, including one that holds only Amgen company stock.

Plaintiffs are former Amgen and AML employees who participated in Amgen-sponsored retirement plans.  After a decline in the price of Amgen stock, plaintiffs brought this putative class action under ERISA.  They alleged that defendants had both concealed negative results from clinical studies of an anemia drug, and also marketed it and a second anemia drug for "off label" use, despite allegedly knowing that such use was unsafe.  Plaintiffs asserted that when these

test results and alleged marketing activities became public, Amgen's stock declined in value, which caused the value of plaintiffs' retirement accounts to decline as well.

Plaintiffs claimed that defendants breached their fiduciary duties under ERISA. *See* 29 U.S.C. § 1104(a). Specifically, plaintiffs alleged, as relevant here, that defendants violated their duty of care by permitting plan participants to continue investing in Amgen stock when they knew or should have known (via non-public company information about the test results and alleged off-label marketing activities) that such investment was imprudent. ER 217-220.

A securities class action based on the same facts alleged in this ERISA case is currently pending in the district court before the same judge. *See In re Amgen Inc., Sec. Litig.*, No. 07-cv-2536 (C.D. Cal.).

2. The district court dismissed the operative complaint (ER 127-233) with prejudice. *See* ER 1-13. The court had earlier dismissed a prior version of the complaint without prejudice for failure to state a claim (ER 14-35), and it held that plaintiffs' amendments had not cured that failure. ER 12.

As relevant here, the court held that under ERISA's "prudent-man" standard of care, 29 U.S.C. § 1104(a)(1)(B), plaintiffs had not sufficiently alleged "that the continued offering of the Amgen investment option was imprudent." ER 31. The complaint alleged that defendants should have eliminated company stock as an

investment option, but the district court said if they had done so, "they would have been subject to lawsuits if the price of Amgen stock later rose," and "may have violated federal securities laws because the decision would have been based on inside information." *Id.* The complaint also alleged that defendants should have disclosed the information to the plaintiffs, but the district court said that ERISA fiduciaries have no such "general affirmative duty to disclose," which "'would run the risk of disturbing the carefully delineated corporate disclosure laws.'" ER 32 (quoting *Baker v. Kinsley*, 387 F.3d 649, 661-662 (7th Cir. 2004)).

      3.     A panel of this Court reversed. *See Harris v. Amgen, Inc.*, 738 F.3d 1026 (9th Cir. 2013) (subsequent history omitted). Applying the prudent-man standard of care, the panel held that some defendants' purported knowledge of and participation in the alleged misrepresentations and omissions that led to the stock decline sufficed to state a claim under ERISA against all defendants. *See id.* at 1040. The panel acknowledged that eliminating company stock as an investment option "may well have caused a drop in the share price," but it concluded that "several factors [would] mitigate this effect." *Id.* at 1041. These factors included the panel's speculation "that the ultimate decline in price would have been no more than the amount by which the price was artificially inflated" (despite the absence of any such allegation in the complaint), and its assertion that "once the Fund was removed as an investment option, employees would have been prevented from

making additional investments in the Fund while the price remained artificially inflated." *Id.*

In response to defendants' argument that plaintiffs' theory of liability would force fiduciaries to act on non-public company information, possibly in violation of federal securities laws, the panel agreed that fiduciaries are not required to commit insider trading by making actual trades on inside information. *Harris*, 738 F.3d at 1041. The panel held, however, that fiduciaries can be required to take other steps, such as disallowing further investment in the company's stock by plan participants or undertaking on their own to disclose the relevant company information to the public. *Id.* at 1041-1042.

4. Defendants filed a petition for a writ of certiorari. The Supreme Court granted the petition, vacated the judgment, and remanded for further consideration in light of *Fifth Third*. *See Amgen Inc. v. Harris*, 134 S. Ct. 2870 (2014).

Like plaintiffs here, the plaintiffs in *Fifth Third* alleged that administrators of a company retirement plan breached ERISA's duty of prudence by failing to act on information that the company's stock was overvalued. *See* 134 S. Ct. at 2464 (describing the allegations). And also as here, the court of appeals in *Fifth Third* held that the complaint stated a claim for breach of the prudent-man standard of care. *See Dudenhoefer v. Fifth Third Bancorp*, 692 F.3d 410, 419-423 (6th Cir. 2012) (subsequent history omitted).

The Supreme Court vacated the Sixth Circuit's judgment and remanded. The Court first rejected the holding of this and other courts of appeals that ERISA creates a "presumption of prudence" for fiduciaries in cases like this one. *See* 134 S. Ct. at 2467-2471.[1] Instead, the Court explained, the "important task" of "weed[ing] out meritless lawsuits" should be accomplished "through careful, context-sensitive scrutiny of a complaint's allegations." *Id*. at 2470-2471; *see also id.* at 2471 ("[T]he motion to dismiss for failure to state a claim" is an "important mechanism for weeding out meritless claims.").

The Court then described in detail new liability standards under ERISA— and hence new pleading requirements—for complaints that allege (as here) that fiduciaries of a company-retirement plan breached their duties under ERISA by failing to act on non-public company information. *See* 134 S. Ct. at 2472-2473. To state such a claim, the Court held, "a plaintiff *must* plausibly allege an alternative action that the defendant [fiduciary] could have taken that would have been consistent with the securities laws and that a prudent fiduciary in the same circumstances would not have viewed as more likely to harm the fund than to help it." *Id*. at 2472 (emphasis added). The Court then went on to address three points that "inform the requisite analysis." *Id*.

---

[1] The panel here had previously held that the presumption did not apply because of certain terms in the Amgen retirement plans, and thus it had analyzed plaintiffs' claims under the prudent-man standard. *See Harris*, 738 F.3d at 1036-1039.

First, the Court stated that ERISA "does not require a fiduciary to break the law," 134 S. Ct. at 2472; *accord* slip op. 27, such as by selling company stock while in possession of non-public information. *Fifth Third*, 134 S. Ct. at 2472. Second, the Court held that when a complaint alleges, as the operative complaint does here, that a fiduciary should have disclosed non-public information or refrained from purchasing stock, the reviewing court "should consider the extent to which [such] an ERISA-based obligation … could conflict with the complex insider trading and corporate disclosure requirements imposed by the federal securities laws or with the objectives of those laws." *Id.* at 2473. Third, the Court held that plaintiffs must plausibly allege "that a prudent fiduciary in the defendant's position *could not* have concluded that" any alternative actions suggested in the complaint "would do more harm than good to the fund by causing a drop in the stock price and a concomitant drop in the value of the stock already held by the fund." *Id.* (emphasis added).

5.      On remand, the panel solicited simultaneous letter briefs. Defendants urged the panel to remand to the district court to permit plaintiffs an opportunity to amend their complaint to satisfy *Fifth Third*'s new requirements. Instead, the panel re-issued its prior opinion with only minor changes.

## REASON FOR GRANTING THE PETITION

### THE PANEL'S DECISION CONFLICTS WITH THE SUPREME COURT'S INSTRUCTIONS IN *FIFTH THIRD BANCORP V. DUDENHOEFFER*

The Supreme Court remanded this case to the panel for reconsideration in light of *Fifth Third*. That case imposed clear requirements that complaints in cases like this one must satisfy if they are to survive motions to dismiss—requirements the panel repeatedly disregarded and that are not satisfied by the operative complaint. The panel's decision creates sweeping new rules for fiduciaries that are contrary to the rules that the Supreme Court established. These circumstances warrant the attention of the en banc Court.

First, the Court in *Fifth Third* ruled that "a plaintiff *must* plausibly allege an alternative action that the defendant [fiduciary] could have taken that would have been consistent with the securities laws and that a prudent fiduciary in the same circumstances would not have viewed as more likely to harm the fund than to help it." 134 S. Ct. at 2472 (emphasis added); *accord id.* at 2473 ("[C]ourts … should … consider whether the complaint has plausibly alleged that a prudent fiduciary in the defendant's position could not have concluded that" any alternative action suggested in the complaint "would do more harm than good."). Second, the Court said that on a motion to dismiss the court "should consider the extent to which an ERISA-based obligation … could conflict with the complex insider trading and corporate disclosure requirements imposed by the federal securities laws or with

- 8 -

the objectives of those laws." *Id.* at 2473. All this, the Court added, would require "careful, context-sensitive scrutiny of a complaint's allegations." *Id.* at 2470-2471.

The panel ignored the Supreme Court's instructions, declining to scrutinize the complaint in light of these considerations. That disregard produced the wrong outcome in this case; the operative complaint does not satisfy *Fifth Third* and thus the en banc Court should vacate and remand (as defendants urged the panel to do) so that plaintiffs can file a new complaint. Given the clarity of the panel's errors, and the fact that its decision is the first by a court of appeals interpreting *Fifth Third*—and thus presumably will be looked to by other courts in similar cases (as well as by fiduciaries nationwide seeking guidance on their obligations)— rehearing en banc is warranted.[2]

###### A. The Panel Did Not Follow The Supreme Court's Instruction To Consider Whether The Complaint Plausibly Alleges That A Prudent Fiduciary Could Not Have Concluded That Plaintiffs' Suggested Alternative Courses Of Action Would Have Done More Harm Than Good

Plaintiffs allege that defendants breached their fiduciary duty by "offering Amgen stock as an investment option … when it was no longer a prudent

---

[2] The panel denied that *Fifth Third* was "articulating a new pleading standard," slip op. 28, because the Court cited two earlier cases on pleading standards, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). But those cases stated *general* civil litigation pleading standards and have no bearing on whether *Fifth Third* altered the particular pleading requirements for allegations of breach of an ERISA fiduciary duty. On the contrary, the *Fifth Third* Court said explicitly that *Iqbal* and *Twombly* had to be applied "in light of the … considerations" that it discussed in detail. 134 S. Ct. at 2471.

retirement investment" (ER 217), which defendants allegedly knew or should have known because they had various pieces of non-public information (ER 217-218). Plaintiffs further allege that defendants should have made "appropriate public disclosures" of this non-public information or "discontinue[d] further contributions" to the company fund. ER 206.

As to neither alternative, however, do plaintiffs allege (plausibly or otherwise) what *Fifth Third* requires: that "a prudent fiduciary in the defendant's position could not have concluded that stopping purchases … or publicly disclosing negative information would do more harm than good to the fund by causing a drop in the stock price." 134 S. Ct. at 2473. On remand, the panel *recited* this standard, *see* slip op. 25, but it then applied a very different (indeed conflicting) one. Specifically, it held that "[b]ased on the allegations in the complaint, it is at least plausible that defendants could have removed the Amgen Stock Fund from the list of investment options available to the plans without causing undue harm to plan participants." *Id.* But this speculation that there might not be "undue harm" (apparently because any drop in prices would be deserved by the beneficiaries, *see supra* p.4) contradicts the Supreme Court's assumption that price drops harm holders. *See* 134 S. Ct. at 2473. And a plausible possibility that plaintiffs' suggested alternative course would work is not at all what *Fifth Third* requires: a plausible allegation that no prudent fiduciary could have concluded

otherwise.  *See* 134 S. Ct. at 2473 ("a prudent fiduciary in the defendant's position *could not have concluded*…" (emphasis added)).  The Supreme Court left the decision to the fiduciary's judgment unless the plaintiff plausibly alleges that a prudent fiduciary "could not" have rejected the proffered course.  The panel took the element of fiduciary judgment away.  That decision warrants en banc review, not only because it is contrary to *Fifth Third* but also because it exposes fiduciaries, who must make difficult decisions in the face of considerable uncertainty, to the costs and rigors of litigation far too easily.  This is the very result that the Supreme Court sought to avoid when it articulated new standards in *Fifth Third*.

Had the panel applied the *Fifth Third* standard, it could not have held the complaint sufficient.  The complaint not only fails to allege that a prudent fiduciary "could not have concluded that eliminating Amgen stock as an investment option would do more harm than good," 134 S. Ct. at 2473, it alleges the opposite.  The complaint says that "[i]f Company Stock were eliminated as an investment option …, this would have sent a negative signal to Wall Street analysts, which in turn would result in reduced demand for Amgen Stock and a drop in the stock price." ER 216.  The panel similarly acknowledged that plaintiffs' proposed alternative action could cause the stock price to drop.  *See* slip op. 26 ("[R]emoving the Amgen Common Stock Fund as an investment option would have sent a negative

signal to investors … and … such a signal may have caused a drop in the share price.").  If both the panel and plaintiffs concluded that "stopping purchases" could "caus[e] a drop in the stock price," then surely "a prudent fiduciary in the defendant[s'] position" could have concluded the same thing, i.e., that the suggested alternative course "would do more harm than good to the fund by causing a drop in the stock price and a concomitant drop in the value of the stock already held by the fund." *Fifth Third*, 134 S. Ct. at 2473.  The complaint fails *Fifth Third*'s new pleading requirements.

Given the need for an amended complaint, the panel should have remanded to the district court.  As this Court stated en banc last year, it is the Court's "standard practice," following a remand from the Supreme Court, to "remand to the district court for a decision in the first instance without requiring any special justification for so doing." *Detrich v. Ryan*, 740 F.3d 1237, 1248 (9th Cir. 2013) (en banc); *see also Betz v. Trainer Wortham & Co.*, 610 F.3d 1169, 1171 (9th Cir. 2010).  If anything, there *is* a "special justification" for a remand here, in that the Supreme Court issued specific new pleading requirements that plaintiffs were not aware of when they drafted their complaint.  A remand is thus warranted to give plaintiffs an opportunity to amend the complaint to comply with those requirements.  Notably, that is the path that two other courts of appeals that had a decision remanded to them in light of *Fifth Third* have taken.  *See Kopp v. Klein*,

762 F.3d 450 (5th Cir. 2014); Order, *Rinehart v. Akers*, No. 11-4232 (2d Cir. Sept. 9, 2014).  No other court of appeals has declined to remand.[3]

### B.    The Panel Did Not Follow *Fifth Third*'s Instruction To Consider Carefully The Interplay Between ERISA And The Securities Laws

The panel's opinion disregards *Fifth Third* in a second important respect. The Supreme Court emphasized that courts must carefully consider whether allowing fiduciaries to be held liable under ERISA for failure to act on non-public company information "could conflict with the complex insider trading and corporate disclosure requirements imposed by the federal securities laws or with the objectives of those laws."  134 S. Ct. at 2473; *accord id.* at 2470, 2471.  The panel should have remanded to the district court to carry out that instruction, or at least analyzed the issues properly, including discussing this Court's many insider trading decisions addressing lawful and unlawful conduct.  Instead, the panel re-issued its decision after making no changes to the one relevant paragraph in its prior opinion.  *Compare Harris*, 738 F.3d at 1041-1042, *with* slip op. 27.  The analysis in that one paragraph does not respect the Supreme Court's direction, because it fails to confront the issues that troubled the Court in *Fifth Third*.

---

[3] The Supreme Court appeared to expect in *Fifth Third* that the court of appeals would allow the district court to apply the new standards in the first instance.  The Court stated that it would "leave it to the courts below [plural] to apply the foregoing to the complaint in this case."  134 S. Ct. at 2473.

1.    The complaint alleges that defendants could have avoided ERISA liability by simply publicly disclosing the inside information at issue.  ER 206. The panel apparently had no problem with this alternative course; indeed, it stated that such disclosure would fulfill defendants' equivalent duties under securities laws.  *See* slip op. 27 ("compliance with ERISA would likely have resulted in compliance with the securities laws").  But most of the defendants here are not the persons responsible for corporate disclosure decisions, but rather ERISA fiduciaries who have no automatic right (merely because they might be privy to information) to make disclosures that management has chosen *not* to make at the time.  The Court in *Fifth Third* invoked this concern, citing *Varity Corp. v. Howe*, 516 U.S. 489 (1996), and noting that *Varity* "reserv[ed] the question 'whether ERISA fiduciaries have *any* fiduciary duty to disclose truthful information on their own initiative, or in response to employee inquiries.'"  134 S. Ct. 2473 (emphasis added).  The panel failed to consider all this, violating the command of *Fifth Third* to "weed[] out meritless claims" at the motion-to-dismiss stage.  *Id.* at 2471.

It is no answer to say simply (as the panel appeared to say, *see* slip op. 27) that certain defendants here were required by the securities laws to disclose—or at least that plaintiffs in the related securities action have plausibly so alleged.  It is true that the district court has denied defendants' most recent motion to dismiss the securities complaint.  But only two of the nineteen defendants here (Amgen Inc.

and Kevin Sharer) are currently defendants in the securities case. The other seventeen include mid-level employees such as Amgen's director of benefits. *See* ER 138-139. Yet the panel held the ERISA complaint sufficient as to all nineteen—evidently on the theory that if any defendant was properly alleged to have violated the securities laws, that alone suffices to sustain an ERISA complaint against all of the them. *See* slip op. 26 ("[All] defendants began violating their fiduciary duties under ERISA … at more or less the same time *some* of the defendants began violating the federal securities laws." (emphasis added)). That is manifestly improper. Each defendant should have had the allegations against him or her analyzed based on his or her individual circumstances.[4] And none of the seventeen non-securities defendants was responsible for corporate disclosure, nor does the complaint plausibly allege that any had the right to contravene management's decisions on the "complex … corporate disclosure requirements imposed by the federal securities laws," 134 S. Ct. at 2473. The panel's failure to consider how these "complex … requirements" would be affected by its imposition of a new ERISA duty on those seventeen defendants violates the Supreme Court's instruction in *Fifth Third*.

---

[4] The panel stated at the outset of its analysis that it would in fact "address the sufficiency of the [complaint] against each properly named fiduciary." Slip op. 19. But it made no such defendant-specific analysis.

2.     Plaintiffs also assert that defendants should have decided, on the basis of non-public information, to cease offering the company stock fund to plan participants as an investment alternative, thus preventing them from buying additional company stock at an "inflated price."  ER 206.  The panel stated, without citation, that such a freeze would not violate the letter of the prohibition against insider trading, "for there is no violation absent purchase or sale of stock." Slip op. 27.  But that is not strictly accurate:  one can be convicted of "tipping," for example, if the government proves that "the tipper … provided the tippee … with material, inside information, prior to the tippee's purchase of stock." *United States v. Bhagat*, 436 F.3d 1140, 1149 (9th Cir. 2006).  The panel's narrow focus on one bar in the securities laws is not faithful to *Fifth Third*'s directives.

Moreover, *Fifth Third* requires courts to consider not only whether a proposed alternative course of action would bring a fiduciary into direct conflict with the securities laws but also whether that action would undermine "the objectives" of the securities laws.  134 S. Ct. at 2473.  A freeze on investment in Amgen stock would indeed have violated the spirit of those laws, by giving plan members an unfair advantage over other investors who would not be barred from purchasing shares of Amgen stock at a supposedly inflated price.  A freeze would thus contravene the purpose of the securities laws' bar on the use of inside information, creating the very inequity and market distortions that those laws were

designed to prevent. *See, e.g.*, *SEC v. Talbot*, 530 F.3d 1085, 1097 (9th Cir. 2008) ("[I]nvestors … expect that those who have special access to information, because of employment or other relationships, should be barred from using that information to gain an advantage over the rest of us." (internal quotation marks omitted)); *Shapiro v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 495 F.2d 228, 235 (2d Cir. 1974) (noting the purpose of securities laws is to "protect the investing public and to secure fair dealing in the securities markets by promoting full disclosure of inside information so that an informed judgment can be made by all investors who trade in such markets"). The panel failed to analyze these thorny questions, questions the Court believed were of sufficient complexity that the SEC's views would be of assistance. *See* 134 S. Ct. at 2473. This issue is important to thousands of fiduciaries administering numerous 401(k) plans that offer company stock as one investment alternative for plan participants.

## CONCLUSION

The petition for rehearing en banc should be granted.

Respectfully submitted,


MYRON RUMELD

RUSSELL HIRSCHHORN

PROSKAUER

Eleven Times Square

New York, New York 10036

212-969-3000

*Counsel for defendants Jacqueline Allred, Charles Bell, Raul Cermeno, Jackie Crouse, Lori Johnston, Michael Kelly, the Amgen Plan Fiduciary Committee, and the Fiduciary Committee of the Amgen Manufacturing Limited Plan*

/s/ Seth P. Waxman

SETH P. WAXMAN

LOUIS R. COHEN

DANIEL S. VOLCHOK

BROOK HOPKINS

WILMER CUTLER PICKERING
  HALE AND DORR LLP

1875 Pennsylvania Avenue, NW

Washington, D.C. 20006

202-663-6000

*Counsel for all defendants*


JOHN C. HUESTON

BRUCE A. WESSEL

GLENN K. VANZURA

MOEZ K. KABA

STEVEN N. FELDMAN

IRELL & MANELLA LLP

1800 Avenue of the Stars, Suite 900

Los Angeles, California 90067-4276

310-277-1010

*Counsel for defendants David Baltimore, Frank J. Biondi, Jr., Jerry D. Choate, Frederick W. Gluck, Frank C. Herringer, Gilbert S. Omenn, Judith Pelham, Leonard Schaeffer, Kevin W. Sharer, Amgen Inc., and Amgen Manufacturing, Ltd.*


November 13, 2014

- 18 -

## CERTIFICATE OF COMPLIANCE

I certify that the this petition complies with the type-volume limitation of Circuit Rule 40-1(a) in that, according to the word-count function of the word-processing program in which it was written (Microsoft Word), the petition contains 4,090 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).

/s/ Daniel S. Volchok
Daniel S. Volchok

## CERTIFICATE OF SERVICE

I certify that on this 13th day of November, 2014, I electronically filed the foregoing with the Clerk using the appellate CM/ECF system. Counsel for all parties to the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

/s/ Daniel S. Volchok
Daniel S. Volchok